1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re HARMONIC INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) |

Master File No. C-00-2287-PJH (EMC)

CLASS ACTION

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

This Document Relates To:

   ALL ACTIONS.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  This [Proposed] Protective Order ("Protective Order" or "Order") does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  This Protective Order creates no entitlement to file confidential information under seal; Civil L.R. 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.     DEFINITIONS

1.      Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.      Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.      "CONFIDENTIAL" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

4.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.  Only those items or information that derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use shall be subject to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" protection.

5. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

6. <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

7. <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9. <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

10. <u>House Counsel</u>: Attorneys who are employees of a Party.

11. <u>Competitor</u>: With respect to defendants, "Competitor" means Motorola, Cisco Systems, C-Cor, Tandberg Television, Thomson Multimedia, Terayon, Big Band Networks, Seachange, Scopus, Aurora, Modulus, RGB, and EGT Inc.

12. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

13. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who (a) is not a past or current employee of a Party or (b) a current employee of a Party's Competitor and who (c) at the time of retention, is (i) not anticipated to become an employee of a Party or a Competitor of a Party and (ii) has not been an employee of a Party's Competitor for at least 2.5 (two and one half) years.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

### IV.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### V.    DESIGNATING PROTECTED MATERIAL

1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that will cause the party prejudice or harm pursuant to Rule 26(c) and governing standards if not protected.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expense or burden on other parties) expose the Designating Party to sanctions.

If it comes to the attention of a Party or non-party that information or items it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

2.    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (*see, e.g.*, second paragraph of §V.2(a), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1    Designation in conformity with this Order requires:

2            (a)    For Information in Documentary Form (apart from transcripts of depositions

3    or other pretrial or trial proceedings): That the Producing Party affix the legend "CONFIDENTIAL,"

4    "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  Within 30 days of

6    receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8            A Party or non-party that makes original documents or materials available for inspection

9    need not designate them for protection until after the inspecting Party has indicated which material it

10   would like copied and produced.  During the inspection and before the designation, all of the

11   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

13   copied and produced, the Producing Party must determine which documents or portions thereof

14   qualify for protection under this Order.  Then, before producing the specified documents, the

15   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "CONFIDENTIAL –

16   SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY") on each page that contains Protected Material.  In addition, within 30 days of receipt of

18   Disclosure or Discovery Material, any Receiving Party may designate the material as

19   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20           (b)    For Testimony Given in Deposition or in Other Pretrial or Trial Proceedings:

21   That any Party or non-party may identify on the record, before the close of the deposition, hearing or

22   other proceeding, all protected testimony and further specify any portions of the testimony that

23   qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24   When it is impractical to identify separately each portion of testimony that is entitled to protection,

25   and when it appears that substantial portions of the testimony may qualify for protection, any Party

26   may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30

27   days after receipt of the certified transcript to identify the specific portions of the testimony as to

28   which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL"

1   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the

2   testimony that are appropriately designated for protection within the 30 days shall be covered by the

3   provisions of this Protective Order.

4           Transcript pages containing Protected Material must be separately bound by the court

5   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL,"

6   "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY."

8               (c)     For Information Produced in Some Form Other than Documentary, and for

9   Any Other Tangible Items: That the Producing Party affix in a prominent place on the exterior of the

10  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

11  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY."  Within 30 days after receipt, any Receiving Party may designate the

13  information or item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY."

15          3.      Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to

16  designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" does not, standing alone, waive any Party's right to secure protection

18  under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially

20  produced, the Receiving Party, on timely notification of the designation, must make reasonable

21  efforts to assure that the material is treated in accordance with the provisions of this Order.

22  **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23          1.      Timing of Challenges: Unless a prompt challenge to a Designating Party's

24  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

25  economic burdens or a later significant disruption or delay of the litigation, a Party does not waive

26  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

27  after the original designation is disclosed.

28

2.    <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process.

3.    <u>Judicial Intervention</u>: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by any Designating Party or non-party may file and serve a motion under Civil L.R. 7 (and in compliance with Civil L.R. 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and setting forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

**VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

1.    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of §XI below (FINAL DISPOSITION).

1      Protected Material must be stored and maintained by a Receiving Party at a location and in a

2 secure manner ensuring that access is limited to the persons authorized under this Order.

3      2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by

4 the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5 information or item designated "CONFIDENTIAL" only to:

6      (a)    Any Party, its attorneys (including in-house attorneys) and the attorneys'

7 support staff;

8      (b)    Any insurer or indemnitor of any defendant in this action;

9      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure

10 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

11 Protective Order" (Exhibit A);

12      (d)    The Court and its personnel;

13      (e)    Court reporters, their staffs, and professional vendors to whom disclosure is

14 reasonably necessary for this litigation;

15      (f)    During their depositions, witnesses in the action to whom disclosure is

16 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17 (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

18 Protected Material must be separately bound by the court reporter and may not be disclosed to

19 anyone except as permitted under this Protective Order;

20      (g)    Subject to all other terms of this Order, any person who authored or is listed as

21 a recipient of the document, or the original source of the information;

22      (h)    Any former Harmonic employee (permanent or contract), director or officer

23 whom plaintiffs have a good-faith reasonable belief may have relevant information and who has

24 signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

25      (i)    Any witness at trial.

26      3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

27 <u>Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the

28

1   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

2   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

3          (a)    The Receiving Party's Counsel of Record in this action, as well as employees

4   of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

5          (b)    House Counsel of a Receiving Party to whom disclosure is reasonably

6   necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order"

7   (Exhibit A);

8          (c)    Experts (as defined in this Order) (i) to whom disclosure is reasonably

9   necessary for this litigation, and (ii) who have signed the "Agreement to Be Bound by Protective

10  Order" (Exhibit A);

11         (d)    The Court and its personnel;

12         (e)    Court reporters, their staffs, and professional vendors to whom disclosure is

13  reasonably necessary for this litigation;

14         (f)    Subject to all other terms of this Order, any person who authored or is listed as

15  a recipient of the document, or the original source of the information; and

16         (g)    Any witness at trial.

17  **VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**
         **IN OTHER LITIGATION**

18

19         If a Receiving Party is served with a subpoena or an order issued in other litigation that

20  would compel disclosure of any information or items designated in this action as

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

22  Receiving Party must so notify the Designating Party in writing (by fax or e-mail, if possible)

23  immediately and in no event more than three Court days after receiving the subpoena or order.  Such

24  notification must include a copy of the subpoena or court order.

25         The Receiving Party must also immediately inform in writing the party who caused the

26  subpoena or order to issue in the other litigation that some or all of the material covered by the

27  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

28

1   deliver a copy of this Protective Order promptly to the party in the other action that caused the

2   subpoena or order to issue.

3          The purpose of imposing these duties is to alert the interested parties to the existence of this

4   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

5   confidentiality interests in the court from which the subpoena or order issued.  The Designating

6   Party shall bear the burden and expense of seeking protection in that court of its confidential

7   material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving

8   Party in this action to disobey a lawful directive from another court.

9   **IX.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Protective Order, the

12  Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized

13  disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the

14  person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

15  (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order"

16  (Exhibit A).

17  **X.      FILING PROTECTED MATERIAL**

18         Without written permission from the Designating Party or a Court order secured after

19  appropriate notice to all interested persons, a Party may not file any Protected Material in the public

20  record in this action.  A Party that seeks to file protected material must comply with Civil L.R. 79-5.

21  **XI.     FINAL DISPOSITION**

22         Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after

23  the final termination of this action, each Receiving Party must destroy all Protected Material or

24  return it to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

25  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

26  Protected Material.  Whether the Protected Material is returned or destroyed upon request by the

27  Producing Party, the Receiving Party must submit a written certification to the Producing Party (and,

28  if not the same person or entity, to the Designating Party) by the 90-day deadline that identifies (by

1  category, where appropriate) all Protected Material that was returned or destroyed and affirms that

2  the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

3  reproducing or capturing any of the Protected Material.

4      Notwithstanding this provision, counsel are entitled to retain copies of all pleadings, motion

5  papers, transcripts, legal memoranda, correspondence and attorney work product even if such

6  materials contain Protected Material.  Any such copies that contain or constitute Protected Material

7  remain subject to this Protective Order as set forth in §IV (DURATION) above.

8  **XII.   MISCELLANEOUS**

9      1.   <u>Right to Further Relief</u>: Nothing in this Protective Order abridges the right of any

10 person to seek its modification by the Court in the future.

11     2.   <u>Right to Assert Other Objections</u>: Nothing in this Protective Order abridges the right

12 a Party would otherwise have to object to disclosing or producing any information or item on any

13 ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any

14 ground to use in evidence of any of the material covered by this Protective Order.

15                                  *        *        *

16      IT IS SO ORDERED.

17 DATED: _____August 27, 2007_____        _____

18                                  THE HONORABLE EDWARD M. CHEN
                                    UNITED STATES MAGISTRATE JUDGE

19 Submitted by:

20 DATED: August 24, 2007

21 LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
22 SHAWN A. WILLIAMS
   SYLVIA SUM
23 JASON C. DAVIS

24

25      _____/s/_____
            SHAWN A. WILLIAMS

26

27 100 Pine Street, Suite 2600
   San Francisco, CA  94111
   Telephone: 415/288-4545
28 415/288-4534 (fax)

1

LERACH COUGHLIN STOIA GELLER
2    RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
3  655 West Broadway, Suite 1900
San Diego, CA  92101
4  Telephone:  619/231-1058
619/231-7423 (fax)
5

BARRACK, RODOS & BACINE
6  STEPHEN R. BASSER
SAMUEL M. WARD
7  JOHN L. HAEUSSLER
402 West Broadway, Suite 850
8  San Diego, CA  92101
Telephone:  619/230-0800
9  619/230-1874 (fax)

10  SCHIFFRIN BARROWAY TOPAZ
   & KESSLER LLP
11  DAVID KESSLER
ANDREW ZIVITZ
12  MARK S. DANEK
280 King of Prussia Road
13  Radnor, PA  19087
Telephone:  610/667-7706
14  610/667-7056 (fax)

15  Co-Lead Counsel for Plaintiffs

16  SCHOENGOLD SPORN LAITMAN
   & LOMETTI, P.C.
17  SAMUEL P. SPORN
CHRISTOPHER LOMETTI
18  JAY P. SALTZMAN
19 Fulton Street, Suite 406
19  New York, NY  10038
Telephone:  212/964-0046
20  212/267-8137 (fax)

21  Counsel for Lead Plaintiff Robert
Knollenberg

22  T:\CasesSF\Harmonic\ORD00044898.doc

23

24

25

26

27

28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re Harmonic Inc. Sec. Litig.*, Master File No. C-00-2287-PJH (EMC).

I agree to comply with and be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order even if such enforcement proceedings occur after termination of this action.

I hereby appoint:

Name:_____

Address:_____

Telephone Number:_____

as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

DATED:  [Insert Date]                    _____

                                                                        Signature

                                         Name: _____

                                         Address: _____

                                         _____

1

<u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5  mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6  participants indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed on August 24, 2007.

9

10

/s/

SHAWN A. WILLIAMS

11

12

13

14

15

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail: ShawnW@lerachlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:00-cv-02287-PJH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tammy Albarran**
  talbarran@mofo.com,mekas@mofo.com

- **Susan K. Alexander**
  SuziA@mwbhl.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Stephen R. Basser**
  sbasser@barrack.com,mgades@barrack.com,jhaeussler@barrack.com,gdiaz@barrack.com

- **Jerome F. Birn , Jr**
  jbirn@wsgr.com

- **Hanley Chew**
  hanley.chew@usdoj.gov,hanleychew@hotmail.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com,e_file_sf@lerachlaw.com

- **Mark S. Danek**
  mdanek@sbtklaw.com,dpotts@sbtklaw.com

- **Jason Cassidy Davis**
  jdavis@lerachlaw.com

- **Terri Garland**
  tgarland@mofo.com,tarmaz@mofo.com,bderuiter@mofo.com,clementine@mofo.com

- **Melvin R. Goldman**
  mgoldman@mofo.com

- **Christopher T. Heffelfinger**
  cheffelfinger@bermanesq.com,ysoboleva@bermanesq.com

- **Kurt Hunciker**
  kurt.hunciker@spornlaw.com

- **Terry T. Johnson**
  tjohnson@wsgr.com,fgallardo@wsgr.com,calendar@wsgr.com,mevenson@wsgr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Sylvia Wahba Keller**

sylviak@hbsslaw.com,nancyq@hbsslaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Mia Ann. Mazza**
  mmazza@mofo.com,mnelson@mofo.com

- **Brandon H. Pace**
  brandonpace@paulhastings.com

- **Matthew Huntley Rice**
  lyan@mofo.com,mrice@mofo.com

- **Dana Anthony Rodriguez**
  drodriguez@mofo.com,rwright@mofo.com

- **Jay P. Saltzman**
  jay@spornlaw.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermanesq.com,ysoboleva@bermanesq.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,travisd@lerachlaw.con

- **Andrew L. Zivitz**
  azivitz@sbclasslaw.com,dpotts@sbclasslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Andrew L. Barroway
Schiffrin & Barroway LLP
280 King Of Prussia Road
Radnor, PA 19087

Edward M. Gergosian
Gergosian & Gralewski LLP
655 West Broadway
Suite 1410
San Diego, CA 92101

Robert I. Harwood
Harwood Feffer LLP
488 Madison Ave. 8th Floor
New York, NY 10022

Corey D. Holzer
Holzer Holzer & Cannon LLC
```

```
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338
```

**David Kessler**
```
Schiffrin & Barroway LLP
280 King Of Prussia Road
Radnor, PA 19087
```

**Christopher Lometti**
```
Schoengold & Sporn, P.C.
19 Fulton Street
Ste 406
New York, NY 10038
```

**Laura M. Perrone**
```
Law Offices of Laura M. Perrone PLLC
60 East 42nd Street
New York, NY 10165
```

**Samuel P. Sporn**
```
Schoengold & Sporn, P.C.
19 Fulton Street
Ste 406
New York, NY 10038
```